IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA


DANIEL DILL, JOSEPH CANFIELD, and
LAWRENCE TAYLOR TULLY, II,

              Plaintiffs,                                    C.A. No. 2:21-cv-384
                                                             Hon. John T. Copenhaver
        v.

PRECISION PIPELINE, LLC, a
foreign limited liability corporation;
MOUNTAIN VALLEY PIPELINE, LLC,
a foreign limited liability corporation;
EQT CORP., a foreign corporation doing  business
as EQM Midstream Partners, LP; and International
Union of Operating
Engineers (AFL-CIO).

              Defendants.


**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS PRECISION PIPELINE, LLC'S
MOTION TO DISMISS COMPLAINT**


I.      **PRELIMINARY STATEMENT**

        Defendants Mountain Valley Pipeline, LLC ("MVP") and EQT Corporation ("EQT"),

filed their Joint Motion to Dismiss the Complaint and Memorandum of Law in Support of their

Joint Motion to Dismiss the Complaint on September 6, 2021 ("The Joint Motion").  This

defendant's motion to dismiss and memorandum of law in support essentially effectuates a

joinder in the Joint Motion with respect to all counts applicable to Precision Pipeline, LLC.

II.     **INTRODUCTION**

        Plaintiffs' Complaint arises out of the purported termination of their employment on or

about July 11, 2019, by Precision Pipeline, LLC ("Precision"). Plaintiffs allege Precision

breached the terms of a collective bargaining agreement ("CBA") by allegedly failing to honor

the rights of the Plaintiffs, including the alleged right to a neutral arbitrator to decide whether the

reasons for their terminations constituted just cause.  In their Complaint, Plaintiffs also assert

{R1613330.1}33

state law claims for tortious interference, and breach of duty of fair representation against the remaining defendants.

Plaintiffs' Complaint should be dismissed as to Precision as all three state law claims, including breach of contract, are preempted by applicable federal labor law, including Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, which operates to preempt any state law claims concerning the interpretation and application of collective bargaining agreements.[1]

Plaintiffs are also time- barred by the six-month statute of limitations for breach of contract and/or breach of duty of fair representation claims under Section 301 of the LMRA.

For these reasons, and those set forth more fully below, Plaintiffs' Complaint should be dismissed with prejudice as to Precision.

## III.    BACKGROUND

The following facts are undisputed for purposes of Precision's motion to dismiss.[2] Plaintiffs were employees of Precision and members of the Operating Engineers Union, Local 132 and the International Union of Operating Engineers ("Union"). (Compl. ¶¶ 2-10). As members of the Union, Plaintiffs' employment was covered by a collective bargaining agreement between the Union and Precision (the "CBA").

Plaintiffs worked out of Precision's Summersville Office in Nicholas County, where they serviced Precision's clients, including MVP. Plaintiffs worked on an MVP pipeline project

---

[1]    Section 301 of the LMRA confers federal court jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce." 29 U.S.C. § 185(a). Based on this provision, the Supreme Court has deemed collective bargaining agreements "creatures of federal law, whatever the intent of the parties." *O'Donnell v. Boggs*, 611 F.3d 50, 53 (1st Cir. 2010) (citing *Textile Workers* v. *Lincoln Mills*, 353 U.S. 448, 451 (1957)). The Supreme Court treats Section 301 as a warrant both for removing to federal court state law claims preempted by Section 301 and then dismissing them. *Allis-Chalmers Corp.* v. *Lueck*, 471 U.S. 202, 220-21 (1985); *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists*, 390 U.S. 557, 559-60 (1968).

[2]    Precision does not admit any of the allegations of Plaintiffs' Complaint but accepts them arguendo as true for purposes of this motion.

pursuant to a master services agreement between Precision and MVP, whereby Precision agreed

to furnish operators such as Plaintiffs and other personnel for the construction of a pipeline near

Richwood, Nicholas County, West Virginia.  (Compl. ¶¶ 2-10, 40-41).[3]

On July 11, 2019, Precision terminated the employment of Plaintiffs.  (Compl. ¶1).

Plaintiffs allege, upon information and belief, that Precision terminated their employment at the

direction of Defendants MVP and/or EQT.  (Compl. ¶ 1).

On the same day as the termination of their employment, Plaintiffs each filed paperwork

with the Union to initiate a grievance for their alleged wrongful terminations, and requested that

the Union participate in the grievance proceedings outlined under the CBA. (Compl. ¶ 22, 35).

Though the Union retained an attorney to represent Plaintiffs, the Union did not file a grievance

or seek arbitration as to the reasons and cause for the termination of Plaintiffs' employment.

(Compl. ¶ 24). Instead, the Union caused an unfair practice charge to be filed with the National

Labor Relations Board ("NLRB"), which was eventually dismissed.  (Compl. ¶ 25-26, 36, 38).

On July 2, 2021 – almost two years after Precision terminated their employment –

Plaintiffs filed the instant Complaint, asserting claims for breach of contract, tortious

interference, and breach of the duty of fair representation.

## IV.    STANDARD

Fed. R. Civ. P. 12(b)(6) requires dismissal of allegations which fail "to state a claim upon

which relief can be granted."  A Rule 12(b)(6) motion tests the legal sufficiency of the

complaint.  *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).  To survive a motion to

---

[3]    Plaintiffs also allege that Precision and EQT were engaged in a similar "joint venture or enterprise" for the construction of a pipeline. (Compl. ¶¶ 40-41). EQT, however, did not separately contract with Precision, nor was EQT involved with the construction of the pipeline near Richwood, Nicholas County, West Virginia, where Plaintiffs worked. In any event, the claims against EQT should be dismissed for the same reasons as the claims against MVP – because they are preempted by the Labor Management Relations Act and are otherwise time barred.

dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). In assessing a Rule 12(b)(6) motion, the Court must "take the facts in the light most favorable to the plaintiff," but "need not accept the legal conclusions drawn from the facts," and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.* (citing *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)).

## V.   ARGUMENT

### A.   Plaintiffs' State Law Claims Are Preempted by the LMRA.

In their Complaint, Plaintiffs assert various state law claims "filed under and pursuant to the common law and statutory law of the State of West Virginia." (Compl., intro.). Plaintiffs' state law claims are preempted by Section 301 of the LMRA, 29 U.S.C. § 185, because deciding these claims will necessarily require the Court to interpret the CBA applicable to Plaintiffs' employment.

The law is clear that "an application of state law is preempted by Section 301 if such application requires the interpretation of a collective-bargaining agreement." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413 (1988); *see also McCormick v. AT&T Technologies, Inc.*, 934 F.2d 531, 534-35 (4th Cir. 1991) ("State law is thus 'pre-empted' by § 301 in that only the federal law fashioned by the courts under § 301 governs the interpretation and application of collective bargaining agreements" (*quoting United Steelworkers of America v. Rawson*, 495 U.S. 362 (1990)). This is to ensure that a uniform body of federal law governs the interpretation and enforcement of collective bargaining agreements. *Allis Chalmers Corp. v. Lueck*, 471 U.S. 202, 209-210 (1985).

  (i)   *Plaintiffs' State Law Claims for Breach of Contract and Breach of the Duty of Fair Representation Are Preempted.*

{R1613330.1}66

Section 301 of the LMRA preempts state law claims for breach of a contract where a breach of the collective bargaining agreement is asserted. *See Davis v. Bell Atl.-W. Virginia, Inc.*, 110 F.3d 245, 248 (4th Cir. 1997) ("[Section] 301 of the LMRA clearly preempts" a "breach of contract claim [that] rests on the collective-bargaining agreement itself"); *Foy v. Giant Food Inc.*, 298 F.3d 284, 287 (4th Cir. 2002) (The 'preemptive force of § 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization." (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 23 (1983)).

Moreover, Plaintiffs are barred from asserting any state law claim (whether a claim for breach of contract or a related breach of fiduciary duty claim) that implicates a union's duty of fair representation arising out of Section 9(a) of the National Labor Relations Act ("NLRA"). 29 U.S.C. § 159(a). Section 9(a) of the NLRA grants labor unions the exclusive status of bargaining representative with regard to collective bargaining relationships, and with this exclusive status comes the judicially created duty of fair representation, which serves to check arbitrary, discriminatory, or bad faith conduct by a labor union. *See NLRB v. Allis–Chalmers Mfg. Co.,* 388 U.S. 175, 181 (1967); *Vaca v. Sipes,* 386 U.S. 171 (1967). The federal duty of fair representation preempts state law clams "whenever a plaintiff's claim invokes rights derived from a union's duty of fair representation" arising under the NLRA. *BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers*, 132 F.3d 824, 830 (1st Cir. 1997); *see also Peterson v. Air Line Pilots Ass'n, Int'l*, 759 F.2d 1161, 1169–70 (4th Cir. 1985) ("The importance of the federal interest is such that the duty of fair representation cause of action is governed exclusively by federal law even when the claim is filed in state court").

Here, Plaintiffs allege a breach of their rights under the CBA arising out of Precision's decision to terminate their employment and the Union's alleged refusal/failure to file a grievance

{R1613330.1}77

on behalf of Plaintiffs in relation to their terminations.  (Compl. ¶¶ 54-55).  Regardless of

whether Plaintiffs' claims implicate an express duty provided for in the CBA or an implied duty

arising out of the Union's status as a bargaining representative, the claims are completely

preempted. *See Peterson*, 759 F.2d at 1170-71 (holding that the plaintiff's state law claims were

preempted where the state claims were "essentially identical to [a federal] duty of fair

representation claim" and noting that "in light of the significant overlap of the state and federal

claims, it becomes apparent that [the plaintiff] [impermissibly] seeks to pursue the state claims

merely to take advantage of more liberal remedies").

    **B.**      **Plaintiffs Cannot Pursue Viable Federal Law Claims Against Defendant Precision.**

As set forth above, Plaintiffs' state law claims should be dismissed because they are

completely preempted by federal labor law.  Moreover, even if Plaintiffs were to refashion

their state law claims as federal law claims, Plaintiffs' Complaint still would fail to state any

claim upon which relief can be granted.

    *(i)*      *Plaintiffs Cannot Pursue Federal Breach of Contract and Breach of Fiduciary Duty Claims as they are Time-Barred by a Six-Month Limitations Period.*

Any effort by Plaintiffs to refashion their breach of contract and breach of fiduciary duty

claims as federal claims would be futile, as these claims are time-barred.

If presented as federal claims, Plaintiffs' breach of contract and breach of fiduciary duty

claims together would constitute a "hybrid claim" arising under Section 301 of the LMRA.

29U.S.C. § 185.[4]

---

[4]    Because a claim for breach of a collective bargaining agreement against an employer and a claim for a breach of fair representation against a union are "inextricably interdependent," the Supreme Court has made clear that "an allegation that the union has breached its duty of fair representation is a necessary component of the § 301 [breach of the collective bargaining agreement] claim against the employer." *Breininger v. Sheet Metal Workers Int'l Assoc.*, 493 U.S. 67, 82-83 (1989); *accord Vadino v. A. Valley Engineers*, 903 F.2d 253, 261 (3d Cir. 1990). Therefore, to prevail on a "hybrid" Section 301 claim, a plaintiff must prove both: (1) a breach of the duty of fair representation owed by the union; and (2) a breach of the CBA by theemployer.  *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164-65 (1983).

The statute of limitations in hybrid Section 301/fair representation cases is six months. *DelCostello*, 462 U.S. at 172; *see also Foy v. Giant Food Inc.*, 298 F.3d 284, 291 (4th Cir. 2002) (applying six-month statute of limitations to a Section 301 hybrid action alleging that employer breached a collective bargaining agreement in discharging employee). For hybrid Section 301/fair representation claims, the employee's claim accrues, and the statute of limitations begins to run, when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation. *See Harmon v. Am. Elec. Power Serv. Corp.*, 371 F. Supp. 2d 804, 813 (S.D. W. Va. 2005); *Lee v. Consolidated Coal Co.*, 178 F.3d 1284 (4th Cir. 1999). "Generally, this will mean when [the plaintiff] discovered or should have discovered the union chose not to represent him in the grievance process." *Scott v. Va. Port Auth.*, 2018 U.S. Dist. LEXIS 53098, at *15 (E.D. Va. Feb. 7, 2018) (citing *Gilfillan v. Celanese Ag.*, 24 F. App'x 165, 167 (4th Cir. 2001)).

Here, Plaintiffs were aware that the Union chose not to proceed with the grievance process well before they filed their Complaint on July 2, 2021. Plaintiffs were discharged nearly two years earlier, on July 11, 2019. Upon their discharge, Plaintiffs immediately notified the Union and submitted paperwork to initiate the grievance process. The Union, however, did not file a grievance on their behalf or seek arbitration. Instead, the Union caused an unfair practice charge to be filed with the National Labor Relations Board, which was eventually dismissed. As months passed following their discharge without any activity by the Union to initiate the grievance process, Plaintiffs should have known that the Union had decided not to proceed with a grievance on their behalf. *See Harmon v. Am. Elec. Power Serv. Corp.*, 371 F.Supp.2d 804, 813 (S.D. W. Va. 2005) (dismissing plaintiff's claims as time-barred because the plaintiff, who waited two years after she was discharged to file suit, "should have known well before the case was filed" that the Union had not initiated the grievance process or filed for arbitration); *Scott v. Va. Port Auth.*, 2018 U.S. Dist. LEXIS 53098, at *17 (E.D. Va. Feb. 7, 2018) (holding that a

{R1613330.1}99

delay of nine months without the union filing a grievance was sufficient to put the plaintiff on

notice that the union was not pursuing the plaintiff's claims); *see also Starnes v. Veeder-Root*,

2017 U.S. Dist. LEXIS 31736, at \*32 (M.D.N.C. Mar. 7, 2017) ("To say  that the running of the

statute will be postponed indefinitely until actual notification is received from the Union or the

employer, would be contrary to the policy of prompt resolution. Lack of notification would leave

claims unresolved indefinitely and leave the procedure open to all the vices which statutes of

limitations were intended to eliminate.").

A delay of nine months was sufficient to place the plaintiff in *Scott* on notice that the

union was not going to grieve or arbitrate his claim.  *See Scott*, 2018 U.S. Dist. LEXIS 53098, at

\*17. Here, Plaintiffs waited almost two years following their termination to file suit.

Accordingly, the six-month statute of limitations applies to bar any federal breach of contract or

breach of fiduciary duty claims that Plaintiffs may seek to pursue.  *Id*.

## VI.    CONCLUSION

For the reasons stated herein, Precision Pipeline, LLC respectfully requests that this

Court grant its Motion and dismiss the Complaint, as to Precision Pipeline LLC

Dated:  September 8, 2021                         Respectfully submitted,


                                                 /s/ Richard W. Gallagher
                                                 Richard W. Gallagher (WVSB # 1327)
                                                 Jeffrey A. Kimble (WVSB # 4928)
                                                 **ROBINSON & McELWEE PLLC**
                                                 Post Office Box 128
                                                 Clarksburg, West Virginia  26302-0128
                                                 Telephone:  (304) 326-5319
                                                 Facsimile:  (304) 622-5065
                                                 rwg@ramlaw.com
                                                 jak@ramlaw.com

                                                 *Counsel for Defendant, Precision
                                                 Pipeline LLC*

{R1613330.1}1010

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of September, 2021, I electronically filed the

foregoing **Memorandum of Law In Support of Defendant Precision Pipeline LLC's**

**Motion to Dismiss Complaint** with the Clerk of Court using the CM/ECF system,

which will send notification of such filing to the following:


James D. McQueen, Jr.
**MCQUEEN DAVIS, PLLC**
Post Office Box 176
Huntington, West Virginia 25706
Phone: (304) 522-1344
Fax: (304) 522-1345
E-mail: jmcqueen@mcqueendavis.com
*Counsel for Plaintiffs*

Matthew S. Casto, Esquire
**BABST CALLAND**
300 Summers Street, Suite 1000
Charleston, WV 25301
Phone: (681) 205-8950
Fax: (681) 205-8814
E-mail: mcasto@babstcalland.com

and

Christian Antkowiak, Esquire (PA 209231)
E-mail: christian.antkowiak@bipc.com
William Lewis, Esquire (PA 316527)
E-mail: william.lewis@bipc.com
**BUCHANAN INGERSOLL & ROONEY PC**
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219-4413
Phone: 412-562-8800
Fax: 412-562-1041
*Counsel for Mountain Valley*
*Pipeline, LLC and EQT*
*Corporation*

/s/ Richard W. Gallagher
Richard W. Gallagher (WVSB # 1327)
Jeffrey A. Kimble (WVSB # 4928)
**ROBINSON & McELWEE PLLC**
Post Office Box 128
Clarksburg, West Virginia  26302-0128
Telephone:  (304) 326-5319
Facsimile:  (304) 622-5065
E-mail: rwg@ramlaw.com
E-mail: jak@ramlaw.com

*Counsel for Defendant, Precision Pipeline LLC*